UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL THRASHER,

    Plaintiff(s),

v.

DAVID COLGLAZIER, et al.,

    Defendant(s).

NO. C04-1257P

ORDER ON REPORT AND RECOMMENDATION

The above-entitled Court, having received and reviewed:

1. Defendants' motions for summary judgment (Dkt. Nos. 50 and 56)

2. Plaintiff's Rebuttal

3. Report and Recommendation of the Honorable Mary Alice Theiler

4. Plaintiff's Objection to Summary and Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Defendants' motions for summary judgment are GRANTED and this complaint and this action are DISMISSED with prejudice. This dismissal shall count as a dismissal under 28 U.S.C. § 1951(g).

IT IS FURTHER ORDERED that Defendant Colglazier's objections to Plaintiff's interrogatories (Dkt. No. 68) are DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (Dkt. No. 70) is STRICKEN as moot.

**ORDER ADOPTING**
**RPT & RECOMMENDATION - 1**

**Discussion**

The Court incorporates by reference the recitation of the factual and procedural background of this case contained in the Report and Recommendation ("the Report"). Dkt. No. 69, pp. 1 - 4.

Plaintiff's objections to the Report contain no response to the Magistrate's recommendation that two of his claims (use of excessive force in handcuffing him and an attempt to strike him in the face) are not cognizable under § 1983. Since Plaintiff conceded at his deposition that his only injuries from the handcuffs were "bruises" which did not require medical attention (Dkt. No. 51, p. 17), his claims in this regard concern only an accidental or *de minimis* use of force which will not support an Eighth Amendment violation claim. <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). Plaintiff cites to no authority which holds that an <u>attempt</u> to strike a detainee amounts to "use of excessive force." There being no genuine dispute of material fact concerning these two allegations, Defendants are entitled to summary judgment of dismissal on them as a matter of law.

The Magistrate Judge's Report recommends granting Defendants' summary judgment motions on the issue of whether their use of a police dog amounted to "excessive force." Citing the factors enumerated in <u>Graham v. Conner</u>, 490 U.S. 386, 396 (1989), the Magistrate found that the facts and circumstances of Plaintiff's apprehension (a high speed chase where the vehicle rammed several police cars, a night-time pursuit and detention, lack of knowledge regarding whether the suspects were armed or wanted for other serious crimes) rendered the use of the dog reasonable.

Plaintiff's objections to this recommendation are deficient in several respects. His procedural objections (that he was not given sufficient time or proper permission to proceed with his interrogatories) are belied by the record, which clearly evidences the Magistrate's willingness to grant him additional time to file a motion pursuant FRCP 56(f), to which end Plaintiff was provided with detailed instructions on the showing required to obtain the continuance he sought. Minute Order of April 22, 2005; Dkt. No. 54. Plaintiff's response to that was to file a "rebuttal" four days after the

**ORDER ADOPTING**
**RPT & RECOMMENDATION - 2**

1  deadline set for the 56(f) motion which constituted nothing more than a response to the substance of

2  the summary judgment motions.  Plaintiff's protestations concerning his pro se status are not

3  compelling – as mentioned above, the Magistrate went to some length to explain to Plaintiff what was

4  required of him to obtain the relief he appeared to seeking.  Furthermore, "the Constitution [does not]

5  require judges to take over chores for a pro se defendant that would normally be attended to by

6  trained counsel as a matter of course."  McKaskle v. Wiggins, 465 U.S. 168, 183-184 (1984).

7  Plaintiff is responsible for the prosecution of the lawsuit which he initiated.

8  　　　　Substantively, Plaintiff's objections are nothing more than his uncorroborated and unsupported

9  version of the allegations of his complaint.  In several instances they are contradicted by his own

10 deposition testimony and nowhere does he provide admissible factual evidence or legal authority

11 which would suffice to defeat summary judgment.[1]  In particular, his argument that he was not the

12 driver of the subject vehicle is simultaneously unpersuasive and irrelevant.  Unpersuasive because of

13 the considerable eyewitness evidence assembled by Defendants to the contrary; irrelevant because it is

14 his status as a man found under a car which had only moments before been (1) the subject of a high

15 speed pursuit and (2) the cause of considerable damage to the pursuing vehicles that renders the

16 method of his apprehension reasonable.  Even assuming he was not the driver of the car, the police

17 had no knowledge of whether he was armed or wanted for other crimes and every reason to be

18 suspicious and cautious.  The manner of his arrest satisfies the Graham criteria for reasonableness

19 under the circumstances and Defendants are entitled to summary judgment and dismissal.

---

[1] The above-mentioned Minute Order of April 22, 2005 also contained a "Rand warning" which advised Plaintiff that, when faced with a motion for summary judgment, "you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents. . . that contradict the facts shown in the defendant's declaration and documents..." Dkt No. 54, p. 3. (citing Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998)).

**ORDER ADOPTING**
**RPT & RECOMMENDATION - 3**

**Conclusion**

Plaintiff has provided neither procedural, substantive or legal reasons why the Magistrate's recommendation should not be adopted. There are no genuine disputes of material fact and Defendants are entitled to summary judgment as a matter of law. The complaint and action will be dismissed with prejudice and this dismissal will count as a "strike" under 28 U.S.C.§ 1951(g).

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August _22__, 2005

*/s/ Marsha J. Pechman*
Marsha J. Pechman
U.S. District Judge

**ORDER ADOPTING**
**RPT & RECOMMENDATION - 4**